ANNA O. JONES *v.* CAROLINE DIEDERICH AND LEVY COHEN.

The plaintiff, under the apprehension that her husband would be taken to prison under an order of arrest issued against him on the application of the defendants, executed a chattel mortgage on her property to the defendants. There being some doubt as to the validity of the claim for the payment of which the mortgage was made: *Held,* that the court will enjoin the defendants from disposing of the mortgage or interfering with the mortgaged property until the hearing of the action.

SPECIAL TERM—<i>November</i>, 1869.

MOTION to continue an injunction.

The action was brought to set aside a chattel mortgage given by the plaintiff and her husband to the defendants in settlement of an action brought by the defendant, Diederich, against the plaintiff's husband, to procure the discharge of an order of arrest issued against him in that action.

*Ferdinand Kurzman,* for plaintiff.

*H. D. Lapaugh,* for defendant, Cohen.

BRADY, J.—The mortgage was executed by the plaintiff

Jones v. Diederich.

under the apprehension that her husband would be taken to prison by virtue of the process issued against him on the application of the defendant, Caroline Diederich. This fact appears from the papers read on behalf of the defendant. The truthfulness of the cause of action on which such process was obtained is denied by the plaintiff's husband, and although the evidence shows that he may have admitted his guilt, yet for the purposes of such an action as this it is sufficient if there exist any doubt of the validity of the claim for the payment of which the mortgage was made. The appeal was made to the plaintiff by her husband to execute the mortgage and she refused, but when it was said that her husband must get ready to depart, her resolution was overcome and she yielded to what seemed to be a necessity, and through fear that her husband would be imprisoned. I am quite aware that this case is in some respects not as strong as similar cases in which courts have interposed to shield a woman from acts of a kindred character (see *Eadie* v. *Shumer*, 26 N. Y., p. 1), but the general rule is that the appropriation of property by a wife to save her husband from imprisonment must be obtained under circumstances which leave no doubt either of the validity of the claim against her husband, or the full consciousness on her part of the effect of her own deed. The injunction must therefore be continued until the hearing of this case. This decision is made without prejudice to the defendant's right to apply for further security, if the undertaking on which the injunction was granted is deemed to be insufficient.

Ordered accordingly.